

FILED
IN OPEN COURT

AUG 29 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 1:19-cr-244 |
| v. | ) |
| | ) |
| JOHN RUSSELL KESTEL, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant, JOHN RUSSELL KESTEL (hereinafter "KESTEL" or the "defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt, with admissible and credible evidence:

1. From at least September 2015 through on or about November 30, 2018, KESTEL manufactured and distributed anabolic steroids, a Schedule III controlled substance, from his home in Springfield, Virginia, within the Eastern District of Virginia. These substances included, but were not limited to, testosterone propionate, testosterone phenylpropionate, testosterone decanoate, testosterone isocaproate, testosterone cypionate, testosterone enanthate, methenolone acetate, and methenolone enanthate.

2. KESTEL, who also used several aliases, including the alias with the initials "D.B.," manufactured both tablets and injectable oils containing anabolic steroids. KESTEL also made and sold prescription drugs such as Accutane, Ambien, Clomid, Finasteride, and "Ciagra" (a homemade combination of Cialis and Viagra), which address common side effects of long-term steroid use. KESTEL obtained the raw materials for the pills and oils from various places,

including Canada and China, and combined them to create consumable anabolic steroids. He did all this in a clandestine laboratory located at his residence.

3. KESTEL distributed these oils and tablets to others, at least four of whom would redistribute the controlled substances at a profit. KESTEL utilized a private Facebook group to solicit interest in the purchase of steroids. Once the interest of a prospective customer was confirmed through interactions on social media, customers were directed to KESTEL's password-protected website where they could place orders and arrange for shipping and payment of anabolic steroids and other related controlled substances. KESTEL also communicated with customers and "resellers" using encrypted messaging applications in order to conceal the illicit nature of the conspiracy.

4. The resellers who worked with KESTEL aggregated orders for various individuals and placed such orders on KESTEL's website. KESTEL then shipped anabolic steroids directly to the customers across the United States and Canada.

5. From in or around September 2015 through on or about November 30, 2018, KESTEL manufactured and distributed at least 10,000 units of anabolic steroids during the course of the conspiracy. The value of the proceeds of the defendant's drug trafficking is at least $370,000.

6. In order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of his steroid manufacturing and distribution conspiracy, KESTEL opened a series of financial accounts under various names, including fictitious names, aliases, and the identities of other unwitting individuals. On multiple occasions between in or around January 2016 and June 2017, KESTEL used the identity and means of identification of another person, Cooperating Witness 1 ("CW-1"), in order to open financial accounts. At the time these

accounts were created, CW-1 was incarcerated for unrelated crimes and did not give KESTEL permission to open accounts in his name. In order to bypass "Know Your Customer" protocols at one such financial institution, KESTEL submitted a photograph of himself holding a false identification with his photograph bearing CW-1's name and address, to the financial institution. Once the fraudulent account was opened, KESTEL laundered proceeds of his drug trafficking through this account.

7. KESTEL instructed customers and resellers to make deposits into the aforementioned accounts through various means, to include cash deposits at physical branch locations and through digital payment applications such as Venmo, PayPal, Coinbase. In order to further disguise the illicit nature of the proceeds, KESTEL instructed customers to use false descriptions for the purpose of the financial transactions, such as claiming that the money transfers were for the purchase of aquatic supplies. Over the course of the conspiracy, KESTEL's customers and resellers made hundreds of such deposits into KESTEL's financial accounts.

8. In or around June 2017, KESTEL agreed to provide steroid products to one of his resellers in exchange for a Daniel Defense AR-style rifle worth approximately $1,200. Kestel is a convicted felon and, as such, is prohibited from possessing firearms. The reseller subsequently shipped the firearms in two parcels from Florida to Virginia, and KESTEL possessed the firearm thereafter. When informed that the Bureau of Alcohol, Tobacco, Firearms, and Explosives had approached the reseller about transfer of the firearm to KESTEL, KESTEL instructed the reseller to create a false sales document to conceal the fact that KESTEL was the true purchaser of the firearm.

9. The acts taken by KESTEL, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident or other innocent reason.

10. This statement of facts includes those facts necessary to support the plea agreement between KESTEL and the United States. It does not include each and every fact known to KESTEL or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding KESTEL's case.

11. This statement of facts shall be admissible as a knowing and voluntary confession in any proceeding against KESTEL regardless of whether the plea agreement is presented to or accepted by a court. Moreover, KESTEL waives any rights that he may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Jason Trigger
Special Assistant United States Attorney
Dennis Fitzpatrick
Assistant United States Attorney
United States Attorney's Office

<u>Defendant's Signature</u>: After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, John Russell Kestel, and the United States, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 8/14/19

John Russell Kestel
Defendant


<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 8/14/19

Meredith Ralls, Esq.
Counsel for Defendant

5